MARY DURBIN SAPP v. JOHN H. SAPP.

**Rendition of Divorce Decree Fixes Status of Parties Eo Instanti, Opening Decree and Dismissing Petition Erroneous.**

The rendition of a decree of divorce fixes the status of the parties eo instanti, and the marital relation thus severed can be restored only by consent of the parties and their remarriage, the trial court thereafter has no jurisdiction to open decree and dismiss petition.

Sapp v. Sapp.

ERROR to common pleas court.

## PER CURIAM.

This proceeding in error is brought to reverse the judgment of the court of common pleas wherein said court by its order and judgment dismissed the petition of the plaintiff in error, then plaintiff, in said court and rendered a judgment against her.

On December 22, 1908, in a certain proceeding brought by the plaintiff in error against the defendant in error for divorce the court of common pleas on the trial docket of said court entered a "Decree for plaintiff and restored to maiden name. 12-22-08." On said day a proper journal entry was filed with the clerk of the court decreeing that the marital relation existing between the said Mary Durbin Sapp and John H. Sapp "be and the same is dissolved and both parties released from the obligation of said marital relation, and the said plaintiff is restored to her maiden name of Mary Durbin. It is further ordered by the said court that said plaintiff recover from the defendant her costs taxed at $———." It further appears from the record that the costs on said case were on that day paid. The record further discloses that on December 24, the court, of its own motion, entered on the trial docket the following: "12-24-08. Case reopened. Heard further upon the testimony of the defendant. Decree dismissing petition." And the court, as appears by the bill of exceptions, on January 23, 1909, furnished to the clerk of said court an entry reopening the hearing of said case and heard further testimony and found in favor of the defendant and dismissed the petition of the plaintiff, and ordered the former entry in favor of the plaintiff stricken from the files; to all of which ruling of the court the plaintiff excepted, and perfected a bill of exceptions, and the question is now before this court whether the court was without jurisdiction and without authority of law to dismiss said proceeding or to strike from the files said journal entry and enter a judgment and decree different from that which he had entered on December 22.

The section of the statute in respect to divorce and alimony does not furnish any provision for an appeal from the judgment of the court of common pleas or for prosecuting error therefrom,

and when said court enters a decree or judgment dissolving the marital relation of the parties, in a divorce proceeding it exercises its jurisdiction to a finality, and it can not thereafter change or modify said decree or judgment. The judgment of the court when so rendered is not subject to change or modification as in other cases, there being no time fixed for the filing of a motion for a new trial, nor providing for otherwise contesting said judgment and decree, nor is it one of that class of decrees that the court has control of during the entire term. A judgment in a divorce case fixes the status of the parties.

If the decree is for divorce the status of the parties then becomes fixed "*eo instanti*" upon the rendition of the judgment and decree.

If the decree be a severing of the marital relation, it can only be restored by the consent of the parties thereto and the parties remarrying. This holding is supported by the case of *Parish* v. *Parish*, 9 Ohio St. 534 [75 Am. Dec. 482], and the case of *Nauman* v. *Nauman*, 26 O. C. C. 37 (4 N. S. 298), the latter holding:

"A decree of divorce becomes operative between the parties at its rendition although such decree is simply noted upon the appearance docket and no entry thereof made upon the journal.

"Where a motion for a new trial was filed two days after the rendition of the decree in a divorce case and upon the same day, without knowledge of such motion, one of the parties remarried, a court is not authorized to reopen the case."